UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-05935 JFW (ADS)                               Date:  February 24, 2021

Title:  *Kenyatta Quinn Mitchell v. D. Melo, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR (1) FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND (2) FAILURE TO FILE A COMPLETE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FEES

**I.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff Kenyatta Quinn Mitchell, an inmate at California State Prison, Los Angeles County, filed a Civil Rights Complaint under 42 U.S.C. § 1983. [Dkt. No. 1]. Plaintiff's handwritten complaint makes no reference to exhaustion of administrative remedies, and as such, it appears dismissal for failure to exhaust may be appropriate.

The Prison Litigation Reform Act ("PLRA") requires that "no action shall be brought with respect to prison conditions [under Section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The exhaustion requirement imposed by the PLRA is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001); Porter v. Nussle, 534 U.S. 516, 532 (2002). All "available" remedies must be exhausted. Porter, 534 U.S. at 524; see also Booth, 532 U.S. at 739.

All available administrative remedies must be exhausted *prior to* filing suit. Plaintiff did not utilize the Central District civil rights complaint form and the Complaint did not address exhaustion of administrative remedies. Importantly, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-05935 JFW (ADS)                                      Date: February 24, 2021

Title: *Kenyatta Quinn Mitchell v. D. Melo, et al.*

event giving rise to the claims alleged occurred only ten days prior to the date the Complaint was signed. [Dkt. No. 1]. It seems unlikely that Plaintiff was able to exhaust all available administrative remedies in ten days. Therefore, it appears this Complaint does not comply with the requirements of the Prison Litigation Reform Act and should be dismissed without prejudice.

## II.   REQUEST TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff also has failed to file a complete Request to Proceed without Prepayment of Fees or pay the filing fee. Plaintiff requests that the Court rely on a previous order by another Court granting Plaintiff IFP status in a previously filed case. [Dkt. No. 10]. This Court cannot do as Plaintiff requests. Plaintiff must file a complete Request to Proceed Without Prepayment of Fees ("IFP Request") including all necessary signatures, authorizations, and forms or pay the filing fee. If Plaintiff fails to do so the case will be dismissed.

## III.   ORDER TO SHOW CAUSE

Plaintiff is hereby ORDERED TO SHOW CAUSE why this case should not be dismissed for (1) failure to exhaust administrative remedies and (2) failure to file a complete Request to Proceed without Prepayment of Fees or pay the filing fee. **Plaintiff must file a written response addressing these issues by no later than March 10, 2021**.

Plaintiff may respond to this Order to Show Cause by (a) filing a response that explains whether Plaintiff has exhausted all available administrative remedies; and (b) either filing a complete Request to Proceed without Prepayment of Fees or pay the filing fee OR filing a request to voluntarily dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Plaintiff is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation to the District Judge that this action be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-05935 JFW (ADS)                                    Date:  February 24, 2021

Title:  *Kenyatta Quinn Mitchell v. D. Melo, et al.*

dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b) and/or failure to exhaust administrative remedies.

    **IT IS SO ORDERED.**

Initials of Clerk kh